IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIE JENKINS, | : |
|     Plaintiff, | :    1:15-cv-2030 |
| v. | :    Hon. John E. Jones III |
| CITY OF HARRISBURG, *et al.*, | : |
|     Defendants. | : |

**<u>MEMORANDUM & ORDER</u>**

**July 20, 2016**

Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim. (Doc. 21). For the reasons articulated below, we will grant the Motion in part and deny it in part.

**I.    FACTUAL BACKGROUND[1]**

On or about July 5, 2005, Defendant City of Harrisburg hired Plaintiff Jennie Jenkins ("Plaintiff") as a Police Officer. (Doc. 9 ¶ 10). In 2009 Plaintiff became the Community Police Officer, (*Id.* ¶ 13), and, in that capacity, in August of 2011 she was assigned to work on the Board of Directors of the Harrisburg Police Athletic League ("PAL"), as a representative of the Bureau of Police along

---

[1] The following factual background is drawn from the allegations contained in the Amended Complaint. (Doc. 9).

with Defendants Chief Thomas Carter and Captain Annette Oates.  (*Id.* ¶¶ 14, 16). In August 2011, Plaintiff was elected as the President of PAL.  (*Id.* ¶¶ 16-17).

On or about August 26, 2013, Plaintiff filed an internal sex discrimination complaint which was sent to the Harrisburg Bureau of Police's Affirmative Action officer and Defendant Carter.  (*Id.* ¶ 19).  Plaintiff filed a second internal complaint, on or about September 18, 2013, alleging that she was subjected to a hostile work environment on the basis of her sex.  (*Id.* ¶ 20).  Plaintiff specifically alleged that she was regularly followed by male police officers, her assigned vehicle's tires were marked by male police officers, male police officers regularly defamed her, and she was continually and publically demeaned by superiors, among other things.  (*Id.* ¶ 21).  Around October 18, 2013, a month after filing the second internal complaint, Plaintiff alleges that Defendants Former Harrisburg Mayor Linda Thompson and Carter falsely accused Plaintiff of stealing money from PAL.  (*Id.* ¶ 22).  Plaintiff was placed on an indefinite suspension without the benefit of an internal investigation or a predetermination hearing.  (*Id.* ¶¶ 22-23). Plaintiff alleges that the suspension was in retaliation for complaining about workplace discrimination.  (*Id.* ¶ 24).  Following Plaintiff's suspension, the City of Harrisburg issued a statement to the press, which announced the suspension and accused the Plaintiff of theft, allegedly with the purpose of humiliating the Plaintiff and destroying her reputation.  (*Id.* ¶ 25).  On or about October 21, 2013, the City

converted the suspension to administrative leave. (*Id.* ¶ 27). Plaintiff alleges that, at the direction of Defendants Current Harrisburg Mayor Eric Papenfuse and Carter, Defendant Oates gave false information to the Pennsylvania of Attorney General, which led to the arrest of the Plaintiff on July 22, 2014. (*Id.* ¶¶ 33-34). On July 22, 2014, Plaintiff was suspended without the benefit of a predetermination hearing at the direction of Defendants Papenfuse and Carter. (*Id.* ¶¶ 36-37). Soon thereafter, a press release was issued at the direction of Defendant Papenfuse, which claimed that Plaintiff was a thief and incompetent. (*Id.* ¶¶ 38-39).

Additionally, Plaintiff alleges that Defendant City of Harrisburg did not pay her for the overtime hours she worked for PAL. (*Id.* ¶ 52). Plaintiff was a nonexempt employee assigned to work the 8:00 am- 4:00 pm shift, Monday through Friday, amounting to forty hours per week. (*Id.* ¶ 50). However, Plaintiff alleges that her duties as President of PAL required Plaintiff to work during PAL activities after her scheduled shift on weekdays and on weekends. (*Id.* ¶ 51). Thus, Plaintiff alleges that Defendant City of Harrisburg denied Plaintiff her one and a half time hourly rate for overtime worked at PAL, amounting to more than $40,000 in overtime wages. (*Id.* ¶¶ 53, 56).

As a result of Defendants' actions, Plaintiff alleges that she has suffered lost wages, embarrassment, humiliation, and mental anguish. (*Id.* ¶¶ 41, 46).

## II.  PROCEDURAL HISTORY

Plaintiff commenced this action with the filing of a Complaint on October 17, 2015.  (Doc. 1).  Plaintiff filed the operative Amended Complaint on January 19, 2016.  (Doc. 9).  Therein, Plaintiff asserts in an omnibus fashion three (3) Counts against five (5) Defendants.  We categorize the Plaintiff's claims as follows:

1. Plaintiff alleges a violation of Plaintiff's rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment pursuant to 42 U.S.C § 1983 against Former Mayor Linda Thompson, Mayor Eric Papenfuse, Chief Thomas Carter, and Captain Annette Oates, in their individual capacities, and the City of Harrisburg.

2. Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et seq., as amended,* against the City of Harrisburg.

3. Plaintiff alleges a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. § 951, *et seq.*, against the City of Harrisburg, Mayor Thompson, Mayor Papenfuse, Chief Carter, and Captain Oates.

4. Plaintiff asserts a violation of the Fair Labor Standards Act of 1938 ("FLSA") against the City of Harrisburg.

Plaintiff seeks judgment in her favor as well as damages, punitive damages, and fees and costs.

Defendants submitted the instant Motion to Dismiss on March 21, 2016 (Doc. 21), which has been fully briefed (Docs. 22, 23, 24) and is ripe for our review.

## III.   STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain

a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.

*Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556-57). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

IV.  DISCUSSION

    A.    **Title VII and PHRA**

Defendants argue that Plaintiff fails to allege facts sufficient to advance a *prima facie* case of discrimination under Title VII and PHRA. Pennsylvania courts are not bound to interpret Pennsylvania law by federal interpretations of parallel provisions in Title VII; nevertheless, its courts generally interpret the PHRA in accord with its federal counterparts. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir.1996); *see Gomez v. Alleghany Health Servs., Inc.*, 71 F.3d 1079, 1083-84 (3d Cir. 1995) (noting that PHRA and Title VII are interpreted similarly); *Chmill v. City of Pittsburgh*, 412 A.2d 860, 871 (Pa. 1980) ("the Human Relations Act

should be construed in light of 'principles of fair employment law which have emerged relative to the federal [statute] . . .'") (quoting General Elec. Corp. v. PHRC, 469 Pa. 292, 365 A.2d 649, 654 (Pa. 1976)).  As such, we shall address the Title VII and PHRA claims simultaneously.

To establish a violation of Title VII, a plaintiff must show "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on discriminatory criterion illegal under Title VII." *Young v. UPS, Inc.*, 135 S. Ct. 1338, 1354 (2015).  To set forth a *prima facie* claim for retaliation, a plaintiff must demonstrate that (1) she was engaged in a protected activity; (2) she was discharged subsequent to or contemporaneously with such activity; and (3) there is a causal link between the protected activity and the discharge.  *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997).

Construing the complaint liberally and in the light most favorable to the plaintiff, we find that Plaintiff has pled enough facts to establish a *prima facie* violation of Title VII and PHRA.  Plaintiff has alleged that she filed two internal complaints charging sex discrimination and a hostile work environment.  A month after filing the second internal complaint, Defendants accused Plaintiff of stealing money and placed her on suspension.  Plaintiff represents that Defendants' adverse employment action against her was in retaliation for filing the complaints.  At this

early stage of the proceedings, Plaintiff has alleged sufficient facts to raise a plausible claim of retaliation. Thus, we shall deny Defendants' Motion with respect to the Title VII and PHRA claims.

### B.  PHRA Claims against Mayor Papenfuse

Defendants assert that the PHRA claim against Defendant Mayor Papenfuse must be dismissed as time-barred because it was not preserved in the Pennsylvania Human Rights Commission ("PHRC") and Equal Employment Opportunity Commission ("EEOC") administrative proceedings. (Doc. 22, pp. 5-6). "Before filing a suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the [PHRC] or EEOC." *Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013). Plaintiff acknowledges that she did not make any reference to or allege any involvement by Defendant Papenfuse in her PHRC complaint. (Doc. 23, p. 4). Because Plaintiff never named Defendant Papenfuse in her administrative complaint, Defendant Papenfuse did not receive adequate notice that claims would be brought against him individually. *See Schafer v. Board of Public Educ. of School Dist.*, 903 F.2d 243, 252 (3d Cir. 1990).

Claims filed under the PHRA must be filed within 180 days after the alleged act of discrimination. 43 Pa. Stat. § 959(h). Plaintiff's Amended Complaint indicates that the last act committed by Defendant Papenfuse occurred on July 22,

9

2014, more than 180 days before the instant suit was filed. Plaintiff has not raised an equitable tolling argument, nor do we see any basis for equitable tolling here, therefore, we shall dismiss the PHRA claim against Defendant Papenfuse as time-barred.

**C.     Section 1983 Claims**

Plaintiff next asserts equal protection and due process claims, pursuant to 42 U.S.C § 1983, in violation of the Fourteenth Amendment of the United States Constitution against the Defendants. Section 1983 does not create substantive rights, but provides a remedy for the violation of rights established elsewhere. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a section 1983 claim, a plaintiff must show that the offensive conduct was committed by a person acting under color of state law and deprived the plaintiff of rights established under the Constitution or federal law. *See Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).

**1.     Due process claim**

Plaintiff's Amended Complaint alleges that Defendants deprived Plaintiff of her property interest in her job without due process of law when they suspended Plaintiff without a hearing. The Fourteenth Amendment prohibits deprivation "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To evaluate a plaintiff's due process claim under 42 U.S.C. § 1983, the first

step is to determine whether the "asserted individual interests are encompassed within the Fourteenth Amendment's protection of life, liberty, or property." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Plaintiff had a clearly established property right her employment. *See Dee v. Borough of Dunmore*, 549 F/3d 255, 230 (3d Cir. 2008) (concluding that a civil service employee has a property interest in his employment). Thus, we must consider whether the procedures available provided "due process of law." *Alvin*, 227 F3d at 116. Accepting as true all the factual allegations in the pleadings and construing the complaint in the light most favorable to the plaintiff, specifically that Plaintiff was suspended from her job without pay and without a hearing, we conclude that Plaintiff has stated a due process claim under 42 U.S.C. § 1983 sufficient to survive a motion to dismiss.[2] *See Gniotek v. Philadelphia*, 808 F.2d 241, (3d Cir. 1986) (holding that public employees with a property interest in their jobs are entitled to a predetermination hearing, coupled with post-suspension administrative or judicial procedures).

### 2. Equal protection claim

Plaintiff alleges that Defendants violated her rights pursuant to the Equal Protection Clause of the Fourteenth Amendment under the theory that she was treated differently from other Police Department employees who had not filed a

---

[2] If discovery makes clear that Plaintiff was suspended with pay, as Defendants contend, then the claim may not survive summary judgment. However, based on the Rule 12(b)(6) standard, our analysis is cabined to the facts stated in the Amended Complaint.

complaint of discrimination. To state a claim for "class of one" equal protection,[3] Plaintiff must allege that (1) Defendants treated her differently from others similarly situation, (2) Defendants did so intentionally, and (3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). At the pleadings stage, a plaintiff need not identify in a complaint "actual instances where others have been treated differently;" rather, a general allegation that plaintiff has been treated differently from others similarly situated will suffice. *Phillips v. County of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008).

Here, Plaintiff alleges that "[n]o one employed by the Police Department who had not filed a complaint of discrimination had been similarly treated." (Doc. 9 ¶ 26). Based on this allegation, and given the early stage of this litigation, we shall permit this claim to proceed, noting as we do that it may be subject to dismissal at a later stage if discovery does not mete out Plaintiff's claim.

### 3. Qualified immunity defense

Defendants Thompson, Papenfuse, Carter, and Oates seek dismissal of Plaintiff's of section 1983 claim on the basis of qualified immunity. To establish such immunity, the defendants must show that their conduct did "not violate

---

[3] Plaintiff has not alleged that her membership in a protected group was the motivation for unfavorable treatment (i.e. that she is a Hispanic female). Rather, her equal protection claim is based on the alleged difference in treatment after Plaintiff filed two internal discrimination complaints. As such, the only claim available to Plaintiff is that she was arbitrarily singled out as a "class of one."

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To assess whether qualified immunity applies in the instant case we must determine whether the plaintiff alleges "the deprivation of an actual constitutional right at all" and whether that right was "clearly established at the time of the alleged violation." *Leveto v. Lapina*, 258 F.3d 156, 162 (3d Cir. 2001). While it is true that qualified immunity should be resolved at the earliest possible stage of litigation, *see Hunter v. Bryant*, 502 U.S. 224, 227 (1991), at the motion to dismiss stage, "qualified immunity will be found only when the immunity is established on the face of the complaint." *Schor v. North Braddock Borough*, 801 F. Supp. 2d 369, 378-79 (W.D. Pa. 2011) (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)). Thus, only where a plaintiff "fails to state a claim of a violation of a clearly established law, [is] a defendant pleading qualified immunity . . . entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

As discussed above, we find that Plaintiff has sufficiently alleged due process and equal protection claims against Defendants Thompson, Papenfuse, Carter, and Oates based on her suspension. Thus, we cannot rule that qualified immunity is available to the Defendants at this early stage.

### 4. Section 1983 claims against the City of Harrisburg

The parties agree that Plaintiff's claims under 42 U.S.C. § 1983 against the City of Harrisburg are not supported by the facts in this case. As such, the section 1983 claims against the City of Harrisburg shall be dismissed.

### D. Punitive Damages

Plaintiff seeks an award of punitive damages as a component of her PHRA and section 1983 claims against the individual Defendants. Such prayer need not be addressed as to the PHRA, as the parties agree that such damages are unavailable. Thus, we need only to determine whether Plaintiff may seek punitive damages on her due process claim against Defendants Thompson, Papenfuse, Carter, and Oates.

Punitive damages are available under section 1983 against a state actor in his individual capacity, *see Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985) (citation omitted); *M.C. v. Pavlovish*, No. 07-cv-2060, 2008 WL 2944886, at *6 (M.D. Pa. July 25, 2008), where his conduct was, at a minimum, recklessly or callously indifferent to the rights of others. *See Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989) (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)). To meet this standard, the plaintiff must show more than a bare violation of section 1983, but need not show that the defendant specifically intended to deprive the plaintiff of a constitutional right. *See Cochetti v. Desmond*, 572 F.2d 102, 106 (3d Cir. 1978).

Rather, "[i]t is sufficient for the plaintiff to show either that the defendant acted . . . with actual knowledge that he was violating a right 'secured by the Constitution and laws,' or that the defendant acted with reckless disregard of whether he was thus violating such a right." *Id.* at 106.

We will not strike Plaintiff's claim for punitive damages at this time. On the face of the Amended Complaint, which we view in the light most favorable to the Plaintiff, Defendants Thompson, Papenfuse, Carter, and Oates suspended Plaintiff from her job without a hearing and treated Plaintiff differently from other Police Department employees who had not filed internal complaints of discrimination. These facts, if proven, could substantiate a finding that Defendants recklessly disregarded Plaintiff's due process and equal protection rights. Thus, the Defendants' Motion shall be denied to this extent.

### E.   Fair Labor Standards Act

Plaintiff's Amended Complaint alleges that Defendants violated FLSA by failing to pay overtime wages to Plaintiff. The FLSA, 29 U.S.C. § 206 *et seq.*, imposes minimum wage and maximum hour requirements on employers. Pursuant to the FLSA, an employer is obligated to pay employees a minimum wage and to compensate for hours worked in excess of 40 hours per week at a rate of 1 and 1/2 times the employees' regular rate. See 29 U.S.C. §§ 206 and 207(a). On the facts of the amended complaint, Plaintiff's FLSA claim is sufficient to survive the

motion to dismiss. Plaintiff alleges that as the President of PAL she worked an excess of 40 hours per week and that Defendant City of Harrisburg denied Plaintiff compensation for the overtime hours. Thus, we shall not dismiss Plaintiff's FLSA claim.

## V. CONCLUSION

For the reasons set forth, we will dismiss the section 1983 claims against the City of Harrisburg and the PHRA claim against Mayor Papenfuse. We also dismiss the punitive damages claim predicated on PHRA. We deny the Motion to Dismiss in all other respects.[4]

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. The Motion is **GRANTED** insofar as it seeks to dismiss the 42 U.S.C § 1983 claims against the City of Harrisburg, as well as the PHRA claim against Mayor Papenfuse. The aforesaid claims are **DISMISSED.**

    b. The Motion is also **GRANTED** with respect to the claim for punitive damages related to the PHRA claim, and that claim is **DISMISSED.**

---

[4] To reiterate, we fully recognize that Plaintiff's surviving claims must now withstand the scrutiny of the discovery process, and in time, possible summary judgment motions.

c. The Motion is otherwise **DENIED.**


<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge

17